UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

**BILLY ALEXANDER** : **DOCKET NO. 1:22-cv-04781**

**VERSUS** : **JUDGE DONALD E. WALTER**

**AMERICAN SUMMIT INSURANCE CO.** : **MAGISTRATE JUDGE LEBLANC**

**REPORT AND RECOMMENDATION**

Before the court is a Motion for Attorney's Fees filed by defendant American Summit Insurance Company. Doc. 16. Plaintiff's counsel did not respond to the motion, despite receiving an opportunity to do so. *See* doc. 15, p. 2. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated **IT IS RECOMMENDED** that defendant be awarded $3,520 in attorney's fees.

**I.**
**BACKGROUND**

This case arises from damage to plaintiff's property in Marksville, Louisiana, from Hurricanes Laura and Delta. Plaintiff, who was then represented by attorneys from McClenny Moseley & Associates, PLLC ("MMA"), filed suit in this court on August 25, 2022, raising state-law claims of breach of insurance contract and bad faith against American Summit Insurance Company. Doc. 1. The complaint asserts that plaintiff's property was insured "by a policy of insurance issued and maintained by Defendant" and that a "specific policy number is not identified

as Defendant has either not yet responded or otherwise denied Plaintiff's request for the production of its policy number." *Id.* at ¶ 1, ¶ 6 n. 1.

In October 2022, the court held a show cause hearing after concerns of misconduct by MMA's attorneys began to arise in connection with MMA's mass filing of hurricane-related lawsuits. Doc. 5. The show cause hearing did little to assuage the court's concerns about MMA's tactics in its representation of clients and the apparent lack of due diligence in preparing pleadings, so the court stayed all cases involving MMA, including the instant matter. Doc. 4.

Defendant later filed a Motion to Lift Stay [doc. 8] and a Motion for Summary Judgment [doc. 9], claiming it did not issue an insurance policy to plaintiff or for plaintiff's property that was in effect during the hurricanes and that plaintiff did not make a claim with defendant for Hurricane Laura or Hurricane Delta damage. Defendant also requested it be awarded attorney's fees "associated with responding to plaintiff's frivolous suit." *Id.* MMA, on behalf of plaintiff, filed a Motion to Lift Stay [doc. 12] accompanied by a memorandum in support, which acknowledged that "there was no policy in effect on the date of loss with Defendant." Doc. 12, att. 1. After the stay was lifted [doc. 11], plaintiff filed a voluntary Motion to Dismiss seeking dismissal with prejudice. Doc. 14. The Court granted plaintiff's motion and dismissed plaintiff's claims against defendant with prejudice. Doc. 15. The Court also granted defendant's request for attorney's fees, and defendant was instructed to file a supplemental motion for attorney's fees supported by a detailed statement. *Id.* The Order afforded MMA, on behalf of plaintiff, an opportunity to respond to defendant's supplemental motion. *Id.* Defendant's supplemental motion is now pending before the court. Doc. 16. Plaintiff's response deadline has passed, with none being filed.

## II.
### LAW AND ANALYSIS

The court has the power to police its docket when a litigant files meritless pleadings or otherwise disrupts the orderly administration of the docket. *In re Bernegger*, 3:15CV182, 2015 WL 8347587, at *11 (N.D. Miss. Dec. 8, 2015). While courts "exercise caution" in invoking their inherent powers and should "ordinarily" rely on a rule or statute instead, they retain discretion to select the appropriate authority for sanctions. *Cappa Fund III, L.L.C. v. Actherm Holding, a.s.*, No. 3:10-CV-897-L, 2011 WL 817384, at *3 (N.D. Tex. Feb. 21, 2011). An assessment of attorney's fees is "undoubtedly" a sanction that falls within the court's inherent power. *Chambers v. NASCO, Inc.*, 111 S. Ct. 2123, 2133 (1991). A court may assess attorney's fees "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 95 S. Ct. 1612, 1622–23 (1975)).

### A. Bad Faith

The Court must first determine whether MMA acted in bad faith during the course of this litigation. The Fifth Circuit "adheres to the well established doctrine that '[a]n attorney, after being admitted to practice, becomes an officer of the court, exercising a privilege or franchise.'" *Carroll v. Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290, 294 (5th Cir. 1997) (quoting *Howell v. State Bar of Texas*, 843 F.2d 205, 207 (5th Cir. 1988)). Accordingly, as officers of the court, attorneys owe a duty to the court "that far exceeds that of lay citizens." *Id.* (quoting *Howell*, 843 F.2d at 207).

MMA filed this breach-of-insurance-contract lawsuit for a policy allegedly covering plaintiff's home in Marksville, Louisiana, against a defendant who the parties both agree did not insure plaintiff at the time of Hurricanes Laura and Delta. Additionally, the complaint did not contain a policy number but instead asserted a "specific policy number is not identified as

Defendant has either not yet responded or otherwise denied Plaintiff's request for the production of its policy number." When viewed together with the surrounding circumstances—including the show cause hearing and the stay—this information indicates to the Court that MMA failed to use proper care when preparing to file this lawsuit. The Court notes MMA did not contest defendant's assertions in the instant motion, nor did it appeal the district judge's decision to grant attorney's fees [doc. 15].

Considering the facts on the record, the Court finds MMA acted in bad faith throughout this litigation. Moreover, MMA's lack of response to the instant motion is not only a failure to justify its actions, but also a failure to contest defendant's assertion that sanctions are appropriate. Accordingly, the undersigned finds the court's inherent sanctioning power to be the appropriate basis for an order that MMA pay defendant's reasonable attorney's fees, as determined below.

### B. Attorney's Fees

Now the Court must determine a reasonable amount of attorney's fees and costs in this matter. When bad-faith conduct is the reason for the sanction, the attorney's fees to be paid are "limited to the fees the innocent party incurred solely because of the misconduct." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 104, 137 S. Ct. 1178, 1184 (2017). "If a plaintiff initiates a case in complete bad faith, so that every cost of defense is attributable only to sanctioned behavior, the court may . . . make a blanket award." *Id.* at 110. But the Court must also be mindful that a court invokes its inherent sanctioning authority "to vindicate its own interests, not the interests of the opposing litigant." *Ben E. Keith Co. v. Dining Alliance, Inc.*, 80 F.4th 695, 701 (5th Cir. 2023).

Lead defense counsel Travis L. Garrison claims the fees he seeks to recover from MMA were incurred "responding to plaintiff's frivolous lawsuit." Doc. 16, p. 2. He provided the Court

with a time sheet breaking down his work on this matter. Doc. 16, att. 1.  Mr. Garrison spent a total of 18 billable hours working on this case, and he seeks fees totaling $3,520, which means he claims an average hourly rate of about $195.56.  The Court finds this rate to be reasonable.  The Court also finds that every one of Mr. Garrison's fees presented for consideration is attributable to the sanctionable behavior because, but for MMA's bad faith conduct in filing this lawsuit, the defendant would not have needed retained counsel to act on its behalf. Therefore, the undersigned recommends MMA be ordered to pay $3,520 to defendant for attorney's fees.

### III.
### CONCLUSION

Considering the Court's prior Order [doc. 15] granting defendant's request for attorney's fees and for the foregoing reasons,

**IT IS RECOMMENDED** that McClenny Moseley & Associates, PLLC and/or its legal successors[1] be ordered to pay defendant's attorney's fees in the amount of $3,520.00, made payable to Garrison, Yount, Forte & Mulcahy, L.L.C.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District

---

[1] Recent filings on respondent's behalf have been made in the name of "MMA, PLLC (formerly known as McClenny Moseley & Associates, PLLC)." *See* Motion to Enroll as Counsel, *In re McClenny Moseley & Associates PLLC*, No. 3:23-mc-62 (W.D. La. Sept. 21, 2023).

Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 11th day of March, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE